**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CARL HARRIS, #R47317, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 26-cv-00252-SMY |
| | ) | |
| P.A. GERST, | ) | |
| DR. LARSON, and | ) | |
| JANE DOE (Health Care Unit Admin.), | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, Chief Judge:**

Plaintiff Carl Harris, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at East Moline Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was held at Big Muddy River Correctional Center.  He claims defendants were deliberately indifferent to his serious hand condition and seeks injunctive relief and monetary damages.  (Docs. 1, 2).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

### <u>The Complaint</u>

Plaintiff makes the following allegations in the Complaint (Doc. 1):  Plaintiff arrived at Big Muddy in May 2024 and told the intake nurse he had three small painful lumps in his hand (Doc. 1, p. 2).  Defendant Gerst (Physician's Assistant) examined Plaintiff's hand a few weeks

1

later and determined no treatment was needed as the lumps were small.  The lumps grew larger, and about three weeks later, Plaintiff saw Gerst again.  Gerst ordered an x-ray and Naproxen. Nearly a month passed before the x-rays were taken.  By that time, the lumps had grown, causing pain and limiting the range of motion in Plaintiff's wrist (Doc. 1, p. 3).  Another month passed before Gerst saw Plaintiff again.  Gerst did not order any treatment despite the pain and movement restriction.

A few weeks later, Plaintiff's pain was almost unbearable, and he was placed on the doctor's call line.  After two more weeks, Plaintiff saw Defendant Dr. Larson, who ordered Ibuprofen (Doc. 1, p. 4).  Plaintiff's condition did not improve.  When Plaintiff saw Dr. Larson again, he splinted Plaintiff's hand and ordered treatment with ice.  Dr. Larson later continued the same course of treatment even though Plaintiff's symptoms had not improved.

Plaintiff showed his hand to the Jane Doe HCU Administrator and asked her for a referral to a hand specialist.  She agreed he probably needed a specialist but said there was nothing she could do (Doc. 1, p. 4).  Later that month, Plaintiff asked Dr. Larson for a hand specialist referral because his pain was worse and his condition had not improved.  Dr. Larson said he would make the referral (Doc. 1, p. 5).

A few months later, Plaintiff asked the Jane Doe HCU Administrator about the status of his hand specialist appointment.  She put him off, saying he was fine for now since he was seeing the prison doctor (Doc. 1, p. 5).  Plaintiff repeated his inquiry to the Jane Doe HCU Administrator a few weeks later.  She threatened to remove him from the treatment line if he kept complaining. Plaintiff filed a grievance after that conversation and filed a second grievance in approximately January 2026.  He had not received a response to either grievance at the time he filed the instant Complaint.  *Id.*  Nearly a year has passed since he was supposedly referred to the hand specialist.

**Discussion**

Plaintiff concedes he did not fully exhaust the prison grievance procedure before filing this suit in his verified Complaint (Doc. 1, pp. 5-6).  As such, this case must be dismissed.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).  "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a [§ 1983] claim." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  A case filed absent the filing of a grievance or while a grievance appeal is still ongoing is premature and must be dismissed without prejudice.  *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). *See also*, *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous").

Because Plaintiff's failure to exhaust administrative remedies is obvious based on his Complaint, this action will be dismissed pursuant to § 1915A.  The dismissal shall be without prejudice to Plaintiff refiling his claims in a new lawsuit after completing the administrative grievance and appeal process.

**Disposition**

For the reasons stated above, the Complaint and this entire case are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A and 42 U.S.C. §1997e(a) for failure to exhaust

administrative remedies before filing suit.  The Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 2) is **DENIED**.  The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.  The Court does not count this dismissal as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable (*See* Doc. 7).  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  April 13, 2026**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**Chief U.S. District Judge**